Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6420 | **DATE** | 10/30/2001 |
| **CASE TITLE** | Ronald G. Searcy vs. Central Steel & Wire Company et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND OPINION: For the foregoing reasons, we grant the motion of defendants Central Steel & Wire Company, Frank Troike, Alfred Jensen, John Tiernan, Michael Cronin, and Richard Ugolini for summary judgment pursuant to FRCP 56. Judgment is entered in favor of the defendants, and this case is hereby terminated. The ruling date of 11/27/2001 is hereby stricken. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 31 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TSA | courtroom deputy's initials | | | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD G. SEARCY, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 6420 |
| CENTRAL STEEL & WIRE COMPANY, FRANK A. TROIKE, Chairman, Chief Executive Officer, Treasurer and Director, ALFRED G. JENSEN, President and Director, JOHN M. TIERNAN, Executive Vice President and Director, MICHAEL X. CRONIN, Vice President-Finance, Comptroller and Assistant Secretary, RICHARD P. UGOLINI, Vice President-Finance, Comptroller and Assistant Secretary, The Retirement Plan Trustees as the Plan Administrator, | ) Wayne R. Andersen ) District Judge |
| Defendants. | ) |

DOCKETED OCT 31 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of defendants Central Steel & Wire Company ("Central Steel"), Frank Troike, Alfred Jensen, John Tiernan, Michael Cronin, and Richard Ugolini for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff brings this action under 29 U.S.C.1132(a)(2) for breach of fiduciary duty and under 29 U.S.C.1132(a)(1)(B) to recover benefits allegedly due under a retirement plan that plaintiff was enrolled in through his employment with Central Steel.

Plaintiff became an employee of Central Steel on November 1, 1961. On or about March 30, 1999, plaintiff retired from his employment with Central Steel. Plaintiff was a

qualified participant in the Retirement Plan administered by the defendants. In mid-November 1998 and mid-December 1998, plaintiff requested, from the plan administrator, financial information, an updated plan description and other available documents relating to the administration of the Retirement Plan in order to make an informed decision on whether or not to retire early. The plan administrator responded by requiring plaintiff, if he chose to retire early, to choose between retiring on March 30, 1999 or retiring on June 29, 1999.

The Retirement Plan had a rule known as the "1000 hour rule." The 1000 hour rule was detailed repeatedly in the Retirement Plan's summary plan descriptions. The 1995 version of the Retirement Plan summary plan description ( a version plaintiff admits to having received) states as follows: "You will be credited with one year of service for each Plan Year during which you complete at least 1000 Hours of Service with the Company during the period which starts on your date of hire and ends on the date your employment terminates." This same rule is described in the same detail in the 1980, 1986, 1991 and 1999 versions of the Retirement Plan summary plan description.

Thus, under the Retirement Plan, plaintiff was qualified to receive a full year's credit for retirement pay if he worked through April 23, 1999. Plaintiff claims that he was ignorant of the 1000 hour rule despite the fact that the defendants described the rule in detail in the Retirement Plan's summary plan description on at least four occasions prior to his retirement.

Plaintiff claims that the defendants breached their fiduciary duty by actively and knowingly concealing the policy of crediting employees with a full year's credit for retirement pay after that employee has worked 1000 hours after the annual anniversary of his hiring. Plaintiff claims that if the defendants had not breached their fiduciary duty and actively

concealed the 1000 hour crediting policy, plaintiff would have worked past April 23, 1999 and would not have retired on March 30, 1999. Plaintiff also alleges that the defendants' decision to deny the plaintiff the rights and benefits due him under the retirement plan was arbitrary, illegal, capricious, unreasonable and not made in good faith and in violation of 29 U.S.C. § 501(a). Plaintiff alleges that the defendants' breach caused him damages in the amount of $6,500.00.

## DISCUSSION

Summary judgment will be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. Id. at 250; Waidridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

This case presents the following issue: Does ERISA allow a participant to ignore information in Retirement Plan's summary plan descriptions and rely solely on the plan administrator to give him the information he needs to make an informed retirement decision? The answer is no.

Plaintiff argues that a fiduciary must communicate material facts which affect the interests of a beneficiary when the beneficiary asks for information and even when he or she does not ask. Plaintiff claims that the defendants breached their duty of loyalty and care to

3

plaintiff by failing to advise him about the Retirement Plan's 1,000 hour rule when plaintiff inquired about his retirement options. Plaintiff is incorrect.

No provision of ERISA requires a plan administrator to provide individualized advice to each plan participant. Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 236 (7th Cir. 1990). While a fiduciary has a "duty to inform," that obligation "only requires a fiduciary or trustee to communicate to a plan participant or beneficiary any material facts that affect their interests which the fiduciary knows the beneficiary does not know and which the beneficiary needs to know for his protection." Nuema, Inc. v. E.I. DuPont De Nemours, 133 F. Supp.2d 1082, 1089 (N.D. Ill. 2001). Further, the duty to inform only "requires a fiduciary to communicate all material facts to a beneficiary or plan participant only where the fiduciary knows it has misinformed the beneficiary, yet fails to correct the error or remain silent to the beneficiary's detriment." Id.

In this case, the relevant information about the 1000 hour rule was detailed repeatedly in the Retirement Plan's summary plan descriptions in the 1999, 1995, 1991, 1986, and 1980 versions of the Retirement Plan booklet. Although the plaintiff denies receiving the 1999 version, there is no dispute that he received these other earlier versions of the Retirement Plan booklet. Plaintiff does not claim that the plan documents were unclear. Moreover, there is no evidence that the defendants ever misstated any information. Plaintiff cannot unilaterally heighten a fiduciary's duty of disclosure and impose additional fiduciary obligations merely because he ignored the repeatedly provided Plan information.

Accordingly, because plaintiff was given full, complete and accurate materials reflecting his rights under the Retirement Plan, the undisputed facts show that the defendants

have satisfied their fiduciary duty of disclosure. Therefore, the defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we grant the motion of defendants Central Steel & Wire Company, Frank Troike, Alfred Jensen, John Tiernan, Michael Cronin, and Richard Ugolini for summary judgment pursuant to Fed.R.Civ.P. 56. Judgment is entered in favor of the defendants, and this case is hereby terminated. The ruling date set for November 27, 2001 is hereby stricken. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: October 30, 2001